## C. GREENE v. J. C. NEWSOME ET AL.

(Filed 20 September, 1922.)

**Appeal and Error—Courts—Expression of Opinion—Statutes.**

> Where the trial judge has questioned a witness as to the absence of the defendants from court, where their deed was being attacked for fraud, his remark that their absence was a circumstance that a fraud had been committed is an expression of opinion, forbidden by C. S., 564, and constitutes reversible error.

APPEAL by defendants from *Allen, J.,* at April Term, 1922, of HERTFORD.

The first issue and the answer thereto are as follows:

"1. Was the conveyance of the house and lot in Ahoskie, described in the complaint, from J. C. Newsome to Thomas Newsome made with the intent and purpose on the part of J. C. Newsome to hinder, delay, or defraud his creditors, or any of them? Answer: 'Yes.' "

Judgment for the plaintiff. Appeal by the defendants.

*W. D. Boone for plaintiff.*
*S. Brown Shepherd and Bridger & Eure for appellants.*

ADAMS, J. The action was prosecuted for the purpose of canceling a deed, for certain property, alleged to have been executed by the defendant J. C. Newsome in fraud of his creditors. Only one exception need be considered. The record shows that during the cross-examination of a witness for the plaintiff the following incident occurred: "By the court: Do you know where J. C. Newsome and Tom Newsome are, and also why they are not here in court to defend this action, as they should be? Their absence is a circumstance that a fraud has been committed. A. I haven't seen either J. C. Newsome or Tom here today." To this remark of his Honor the defendants in apt time excepted.

This Court has repeatedly held that a judge presiding should not at any time during the trial either express an opinion as to the weight of the evidence or make any remark from which the jury may reasonably draw an inference as to his opinion of the facts. His Honor, no doubt, in an inadvertent moment, and evidently without intending to do so, overlooked the decisions of the Court and the purpose of the statute. The jury may naturally have adopted his Honor's intimation as conclusive on the question of fraud.

We think the defendants are entitled to a new trial. C. S., 564; *Morris v. Kramer,* 182 N. C., 89; *S. v. Cook,* 162 N. C., 586.

New trial.