### STATE v. DAVE BRYANT.

(Filed 24 January, 1925.)

**1. Courts—Improper Remarks—Statutes—Prejudice.**

A remark made by the judge in reference to the testimony of a witness prejudicial to a party to the litigation in criminal and civil cases, is forbidden by C. S., 564, and when once made an instruction intending to eradicate the impression is ineffectual, irrespective of the intention of the judge in uttering the prejudicial words. .

**2. Same—Instructions—Appeal and Error—Objections and Exceptions.**

Where the judge in the presence of the jury remarks about the manner in which a witness is giving his testimony, to the prejudice of a party, it is not necessary for the party to except at the time, the requirements of the statute in such instances being prohibitory.

**3. Same.**

The remarks of the judge during the giving of evidence on the trial, and in the presence of the jury, "This witness has the weakest voice or the shortest memory of any witness I ever saw," is susceptible of the construction that the testimony of the witness was at least questioned by the court, and comes within the inhibition of C. S., 564.

APPEAL by defendant from *McElroy, J.,* at March Term, 1924, of CHEROKEE, upon a conviction for murder in the second degree.

The defendant testified as a witness in his own behalf and on cross-examination was asked, "Why is it you can talk so much plainer and louder when Mr. Witherspoon is asking you questions than you can when I am talking to you?" A moment later the court said: "This witness has the weakest voice or the shortest memory of any witness I ever saw." This statement was made by the judge after he had requested the defendant several times to answer the questions asked him by counsel and to speak in a louder voice. This·remark, which was made in the presence and hearing of the jury, was not objected to or excepted to at the time the same was made, but it is now assigned as error.

During the examination of John Loudermilk, a witness for the defendant, the following occurred:

"Q. Did you ever have a conversation with the deceased, Lewis Adams, any time before the shooting occurred? A. 'Just a word or two is all.'

"Q. I will ask if you heard him make any threats against Dave Bryant?

"By the court: Was this before or after the killing?

"The foregoing question by the court was not objected to, or excepted to, by the defendant at the time the same was made by the court, and the same is assigned as error."

And during the examination of Andy Henson, another witness for the defendant:

"Counsel for the defendant asked the witness, Henson, the following questions:

"Q. Did you ever have a conversation with Mr. Adams, in which he made threats against Mr. Bryant? A. 'Why, yes. Running Mr. McGee's lines, and he came out to the stump where the corner was, and he said he had it in for Mr. Bryant, and I didn't know what way, and the deceased, Adams, said he had his gun and "toted" it all daytime and slept with it under his head at night. I don't know whether he did or not, and I studied, and I didn't know what he could have it in for Mr. Bryant for, unless it was for having him arrested—him and the woman.'

"Q. Did he say anything else? A. 'No, the crowd came on, and he didn't say any more.'

"Q. Where did he have his pistol? A. 'Inside his shirt and jacket, and had on his overcoat.'

"By the court: When was this, in regard to the killing, before or after?

"The foregoing remark of the court, which was made in the presence and hearing of the jury, was not objected to, or excepted to, at the time the same was made by the court, and is assigned as error."

8—189

During the argument of the case before the jury, the solicitor for the State, commenting upon the demeanor of the defendant upon the stand, stated that his conduct upon cross-examination had been such that the court had stated that he had the weakest voice or the shortest memory of any man he ever saw. To this statement before the jury defendant's counsel objected as being prejudicial to the rights of the accused and. an improper argument. The judge sustained the objection of the defendant's counsel to the argument of the solicitor, and told the jury that it was not a proper argument and should not be considered, and stated that this remark in reference to the prisoner's demeanor was not to be construed by the jury as being an expression of opinion.

After the trial, a formal exception was taken by the defendant to the remarks of the court in each instance.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*F. O. Christopher, J. H. McCall, and D. Witherspoon for defendant.*

ADAMS, J. "No judge, in giving a charge to the petit jury, either in a civil or a criminal action, shall give an opinion whether a fact is fully or sufficiently proven, that being the true office and province of the jury; but he shall state in a plain and correct manner the evidence given in the case, and declare and explain the law arising therein." C. S., 564. In terms, this statute refers to the charge, but it has always been construed as including the expression of any opinion, or even an intimation by the judge, at any time during the trial, which is calculated to prejudice either of the parties. *Morris v. Kramer,* 182 N. C., 87, 91. And when once expressed, such opinion or intimation cannot be recalled. In the case last cited, the Court said: "When the damage is once done, it cannot be repaired, because, as we know, the baneful impression on the minds of the jury remains there still. . . . One word of untimely rebuke of his witness may so cripple a party as to leave him utterly helpless before the jury." *Bank v. McArthur,* 168 N. C., 48; *S. v. Cook,* 162 N. C., 586; *S. v. Dick,* 60 N. C., 440. It is also held that the probable effect or influence upon the jury, and not the motive of the judge, determines whether the party whose right to a fair trial has been impaired is entitled to a new trial.

Illustrations of the principle are found in *S. v. Ownby,* 146 N. C., 677, in which the judge remarked that certain witnesses were not interested in the result of the action; in *S. v. Rogers,* 173 N. C., 755, in which the judge directed a witness to answer the questions concisely and "not be dodging"; in *Morris v. Kramer, supra,* in which the judge

propounded impeaching questions to a witness; and in *Greene v. New-some,* 184 N. C., 77, in which the judge said that the absence of the defendants was "a circumstance that a fraud had been committed." See, also, *S. v. Hart,* 186 N. C., 582. In *S. v. Jones,* 181 N. C., 546, the remark excepted to was not fatal to the conviction, because it was "necessarily understood as a mere pleasantry and could have reasonably had no applicable effect on the result."

If we treat the remarks made by the presiding judge to the witnesses, Loudermilk and Henson, as harmless inadvertences, we are still confronted with the expression, "This witness has the weakest voice or the shortest memory of any witness I ever saw"—language which was clearly susceptible of the construction that the testimony of the witness was at least questioned by the court, if not unworthy of credit.

The fact that exception was not entered at the time the remark was uttered is immaterial. The statute is mandatory, and all expressions of opinion by the judge during the trial, in like manner with the admission of evidence made incompetent by statute, may be excepted to after the verdict. *Broom v. Broom,* 130 N. C., 562.

We are confident that the expression of an opinion was utterly foreign to the purpose of the discreet and conservative judge who presided at the trial, and that the objectionable remark may have been impelled by a just and natural sense of impatience or displeasure, but the inadvertence was one that could not be corrected and its influence such as could not be dispelled.

We are of opinion that the defendant is entitled to a

New trial.