## STATE v. JOHN WILLIAM TRIPP.

(Filed 15 October, 1952.)

**1. Automobiles § 30d—**

> A warrant charging that defendant did unlawfully and willfully violate "Ordinance No. .........., Article .........., Section ..........," of a municipality by driving "a motor vehicle on the public highways . . . while under the influence of intoxicating liquor, *contrary to the said ordinance, against the statute in such case made and provided, and against the peace and dignity of the said Town and State,*" *is held* sufficient to charge defendant with operating a motor vehicle on the public highways of the State while under the influence of intoxicating liquors, the reference in the warrant to the ordinance and the municipality being treated as surplusage.

**2. Indictment and Warrant § 11½—**

> A plea of *nolo contendere* waives any irregularity in a warrant for a misdemeanor. G.S. 15-140.

APPEAL by defendant from *Burney, J.,* at June Term, 1952, of GREENE.

Criminal prosecution upon a warrant issued 27 April, 1952, by the Mayor of the town of Snow Hill, North Carolina, upon an affidavit charging "that at and in said county and in the Town of Snow Hill, on or about the 27th day of April, 1952, Johnnie William Tripp did unlawfully and wilfully violate an ordinance of the Town of Snow Hill, to wit: Ordinance No. ..... .. , Article ....... ., Section .... ...., by: Careless and reckless operating a motor vehicle on the public highways and in the town of Snow Hill while under the influence of intoxicating liquors, contrary to the said ordinance, against the statute in such case made and provided, and against the peace and dignity of the said Town and State."

The record shows that Johnnie William Tripp was arrested and brought before the Mayor,—and that the Mayor entered this judgment: "After hearing the evidence in this case, it is adjudged that the defendant . . . Defendant waives hearing . . . bound to County Court for trial May 13, 52."

Then the record of Superior Court shows: "Plea, No. 878—State *v.* John William Tripp—Driving Drunk—Reckless Driving. Upon the calling of this case the defendant, through counsel, tenders a plea of *nolo contendere.*"

And the record shows that judgment was entered that "defendant be confined in the common jail of Greene County and assigned to work the roads under the supervision of the State Highway and Public Works Commission for one year and surrender his license, and the Clerk shall endorse thereon that this is the third conviction of operating a motor vehicle under the influence of intoxicating liquor and forward said license to the Director of Highway and Public Safety, Raleigh, N. C., with the

court's recommendation that defendant's license be revoked as by law provided."

Defendant objected and excepted to the above judgment, and appeals to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Lake for the State.*

*Jones, Reed & Griffin for defendant, appellant.*

WINBORNE, J.   While the assignment of error of defendant is "that the court below erred in entering judgment as it appears in the record, there being no charge before the court vesting it with authority to proceed to judgment," it is stated in brief of defendant, appellant, filed in this Court, that the only question involved on the appeal is as to whether or not the wording of the affidavit on which the warrant issued is sufficient to charge a crime.   A kindred question is treated in the case of *S. v. Daughtry, ante,* 316, opinion in which is handed down cotemporaneously herewith. The principle applied there is applicable here.

Here as there the affidavit, stripped of surplusage, charges a criminal offense under the State law.   Here it is operating a motor vehicle on the public highways of the State while under the influence of intoxicating liquors.   See *S. v. Blankenship,* 229 N.C. 589, 50 S.E. 2d 724, where the subject has been recently reviewed.   And it is presumed that by the plea of *nolo contendere,* entered through his counsel, defendant waived any irregularity in matter of procedure.   G.S. 15-140.

Hence, on the authority of *S. v. Daughtry, ante,* 316, the judgment from which appeal is taken is

Affirmed.