## STATE v. HOWARD S. SMITH.

(Filed 7 April, 1954.)

**1. Indictment and Warrant § 9: Criminal Law § 56—**

A warrant will not be quashed or a judgment arrested on the ground that such warrant is defective, if it charges the offense in a plain, intelligible and explicit manner and contains sufficient matter to enable the court to proceed to judgment. G.S. 15-153.

**2. Same—**

If a warrant is sufficient to inform the defendant of the charge against him and to enable him to prepare his defense, reference therein to the specific section of the General Statutes upon which the charge is laid, is not necessary to its validity.

**3. Same: Automobiles § 30d—**

A warrant charging that defendant at a specified time unlawfully and willfully operated a motor vehicle upon a public road while under the influence of intoxicating liquor is sufficient to charge the offense proscribed by G.S. 20-138 without a reference in the warrant to any statute, and the fact that the warrant refers to an inapplicable statute will be treated as surplusage, and is insufficient ground for arrest of the judgment.

**4. Automobiles § 30d—**

Evidence that defendant ran his automobile into the left rear of another car while attempting to pass it on a public highway, with testimony of patrolman, who reached the scene of the accident in about 10 minutes after the accident occurred, that in his opinion defendant was intoxicated, that defendant was staggering, and that he had a strong odor of alcohol about him, *is held* sufficient to overrule nonsuit in a prosecution under G.S. 20-138.

**5. Criminal Law § 50d: Trial § 6—**

G.S. 1-180 proscribes an expression of opinion by the court upon the evidence not only in the charge but at any time during the course of the trial.

**6. Same—**

> While the trial court may propound competent questions to a witness in order to clarify his testimony or to bring out some fact that has been overlooked, the court may not cross-examine a witness or ask a witness questions for the purpose of impeaching him or casting doubt upon his testimony, and a new trial is awarded in this case for impeaching questions asked by the court.

APPEAL by defendant from *Frizzelle, J.,* November Term, 1953, of LENOIR.

The defendant was tried and convicted in the Municipal-County Court of Kinston and Lenoir County upon a warrant charging him with driving a motor vehicle on the public roads while under the influence of intoxicating liquor. He appealed from the conviction and judgment imposed to the Superior Court of Lenoir County where he was tried *de novo* on the original warrant and again convicted. He now appeals from the judgment entered in the Superior Court and assigns error.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Charles G. Powell, Jr., Member of Staff, for the State.*
*White & Aycock for defendant, appellant.*

DENNY, J. The defendant filed a motion in arrest of judgment in this Court. The motion is based upon the fact that the reference to the statute in the warrant upon which the defendant was tried is incorrect. The warrant charges that "on or about the 26th day of Sept., 1953, Howard S. Smith violated the following law, *to-wit: General Statutes of North Carolina, 1943, Section 20-139 as amended,* in that he did unlawfully and willfully operate a motor vehicle on the public roads while under the influence of intoxicating liquors, opiates or narcotic drugs, . . ." (Italics ours.)

A warrant will not be quashed or a judgment arrested on the ground that such warrant is defective, if it charges the offense in a plain, intelligible and explicit manner and contains sufficient matter to enable the court to proceed to judgment. G.S. 15-153; *S. v. Loesch,* 237 N.C. 611, 75 S.E. 2d 654; *S. v. Camel,* 230 N.C. 426, 53 S.E. 2d 313; *S. v. Gregory,* 223 N.C. 415, 27 S.E. 2d 140; *S. v. Howley,* 220 N.C. 113, 16 S.E. 2d 705.

The warrant under consideration clearly charges a violation of G.S. 20-138 and not G.S. 20-139. A reference, however, to the statute is not necessary to the validity of the warrant. Consequently, that portion of the warrant which we have italicized is surplusage and may be disregarded. *S. v. Tripp,* 236 N.C. 320, 72 S.E. 2d 660; *S. v. Daughtry,* 236 N.C. 316, 72 S.E. 2d 658; *People v. Adler,* 160 N.Y.S. 539. The warrant is sufficient to inform the defendant of the charge against him and to

enable him to prepare his defense without incorporating therein the specific section of the General Statutes upon which the charge is laid, and it sustains the judgment. The law requires no more. G.S. 15-153; *S. v. Sumner,* 232 N.C. 386, 61 S.E. 2d 84. The motion is denied.

The defendant excepts to and assigns as error the failure of his Honor to sustain his motion for judgment as of nonsuit.

In this connection the defendant admits that he ran his automobile into the left rear end of another car while attempting to pass it on a public highway; but denies that at that time he was under the influence of an intoxicating liquor or any other beverage, opiate or narcotic drug. However, the State offered the testimony of a State Highway patrolman who reached the scene of the accident about ten minutes after it occurred, who testified that in his opinion the defendant "was . . . intoxicated . . . to the extent that he was in a staggering condition. . . . I detected a strong odor of alcoholic beverage about him." This evidence made out a case for the jury. *S. v. Simpson,* 233 N.C. 438, 64 S.E. 2d 568. The motion for judgment as of nonsuit was properly overruled.

The defendant also assigns as error exceptions Nos. 4, 5, 6, and 8, which were taken to the court's examination of the defendant and two of his witnesses. Immediately after the solicitor for the State finished cross-examining the defendant, he was examined by the court as follows:

"THE COURT: Do you ever take a drink of hard liquor?

"WITNESS: Very seldom.

"THE COURT: How about on Thanksgiving and Christmas and those sort of occasions?

"WITNESS: Not on Christmas Day.

"THE COURT: Do you drink right much beer?

"WITNESS: No sir.

"THE COURT: It just happened that day that you drank two at once?

"WITNESS: I drank them with some sandwiches my wife made.

"THE COURT: Your wife was not at home?

"WITNESS: Yes sir, we had been tying tobacco.

"THE COURT: Do you drink a little liquor now and then?

"WITNESS: Very seldom. I take a drink once in a while."

"No judge, in giving a charge to the petit jury, either in a civil or criminal action, shall give an opinion whether a fact is fully or sufficiently proven, that being the true office and province of the jury, but he shall declare and explain the law arising on the evidence given in the case. . . ." G.S. 1-180. While in terms this statute refers to the charge, it has been uniformly construed as including the expression of any opinion or even an intimation by the judge, at any time during the course of the trial, which might be calculated to prejudice either party. *S. v. Bryant,*

189 N.C. 112, 126 S.E. 107; *S. v. Winckler,* 210 N.C. 556, 187 S.E. 792; *Morris v. Kramer,* 182 N.C. 87, 108 S.E. 381.

A trial judge in this jurisdiction is not permitted to cast doubt upon the testimony of a witness or to impeach his credibility. *S. v. Woolard,* 227 N.C. 645, 44 S.E. 2d 29; *S. v. Owenby,* 226 N.C. 521, 39 S.E. 2d 378, and cited cases.

It is improper for a trial judge to ask a witness questions for the purpose of impeaching him. Counsel may do so in cross-examining a witness, but this privilege does not extend to the trial judge. *In re Will of Bartlett,* 235 N.C. 489, 70 S.E. 2d 482; *S. v. Perry,* 231 N.C. 467, 57 S.E. 2d 774; *S. v. Cantrell,* 230 N.C. 46, 51 S.E. 2d 887; *S. v. Owenby, supra; S. v. Bean,* 211 N.C. 59, 188 S.E. 610; *S. v. Winckler, supra.*

Certainly the able and conscientious judge who tried this case below did not intend to do anything to prejudice the rights of the defendant, but it is the probable effect or influence upon the jury as a result of what a judge does, and not his motive, that determines whether the right of defendant to a fair trial has been impaired to such an extent as to entitle him to a new trial. *S. v. Bryant, supra.*

It is true that frequently in the course of a trial it is proper for the judge to propound competent questions to a witness in order to obtain a proper understanding and clarification of his testimony, or to bring out some fact that has been overlooked. *S. v. Perry, supra; S. v. Kimrey,* 236 N.C. 313, 72 S.E. 2d 677. But, the interrogations of the court in the instant case fall squarely in the category of impeaching questions. *In re Will of Bartlett, supra; S. v. Winckler, supra; S. v. Cantrell, supra.* "Every suitor is entitled by the law to have his cause considered with the 'cold neutrality of the impartial judge' and the equally unbiased mind of a properly instructed jury. This right can neither be denied nor abridged." *Withers v. Lane,* 144 N.C. 184, 56 S.E. 855.

The defendant is entitled to a new trial and it is so ordered.

New trial.