STATE v. LYNN.

(Filed 10 April, 1957.)

**Criminal Law § 50d—**

Where the court, during the cross-examination of defendant, interposes questions tending to impeach the defendant and depreciate his testimony, a new trial must be awarded.

PARKER, J., dissents.

APPEAL by defendant from *Phillips, J.,* and a jury, at September Term, 1956, of ALEXANDER.

*Attorney-General Patton and Assistant Attorney-General Love for the State.*
    *C. L. Leatherman and Sam J. Ervin, III, for the defendant, appellant.*

JOHNSON, J.    The defendant stands convicted, as charged in the bill of indictment, of having carnal knowledge of a virtuous girl between the ages of twelve and sixteen years in violation of G.S. 14-26. From judgment imposing a prison sentence, he appeals.
    The evidence of the State discloses that on or about 15 June, 1955, the prosecuting witness, then under the age of 15 years, and her two older teen-age brothers, went with the defendant, a minister of the Gospel, and his 15-year-old son, on a fishing trip somewhere on the Catawba River. A 16-year-old male cousin of the prosecutrix was also along on the trip. The party pitched camp side of the river and spent the night. The prosecutrix testified that around midnight, while the others were fishing, the defendant had sexual intercourse with her in the station wagon near the camp site. She did not tell anyone about the occurrence or make accusation against the defendant until two or three weeks before she gave birth to a child on 1 April, 1956.
    The defendant denied the accusation and testified that the fishing trip was in May, 1955. He said he went to the station wagon about 10:00 o'clock p.m. and lay down; that in a few minutes the prosecutrix opened the door; that he got up and went down to the river and sat down on a blanket; that the prosecutrix followed him and sat down beside him; that he immediately got up, went to the edge of the river and took a seat in a boat and spent the rest of the night in the boat.

During cross-examination by the Solicitor, the court interposed this examination of the defendant: "Q. You said the boys took their blankets, and put them down to sleep on. What arrangements was made for Lynda Kay to sleep that night? A. I don't know. Q. Are you telling the Court and jury that you got out on the water and stayed after everybody else was asleep? A. They were not asleep. The boat was right there and I sat in the boat and the boys were on the bank."

The defendant assigns as error the manner in which he was so interrogated by the presiding judge. He contends that the examination was calculated to impeach him and to cast doubt upon his testimony before the jury.

"The rule is firmly fixed with us that 'no judge at any time during the trial of a cause is permitted to cast doubt upon the testimony of a witness or to impeach his credibility.' (citing authority) And under application of this salutary rule, it is well settled that it is improper for a trial judge to ask questions which are reasonably calculated to impeach or discredit a witness. Cross-examination for the purpose of impeachment is the prerogative of counsel, including the district solicitor in a case like this one, but it is never the privilege of a trial judge." *S. v. Kimrey*, 236 N.C. 313, p. 315, 72 S.E. 2d 677, p. 679. See also *S. v. Smith*, 240 N.C. 99, 81 S.E. 2d 263; *S. v. Cantrell*, 230 N.C. 46, 51 S.E. 2d 887.

Here it appears that the challenged examination by the court was calculated to impeach the defendant and depreciate his testimony before the jury in a manner amounting to prejudicial error entitling him to a new trial. This being so, the other assignments of error need not be discussed.

New trial.

Parker, J., dissents.