STATE HIGHWAY COMMISSION v. KENAN OIL COMPANY, A CORPO-
RATION, OLLIE CLARK, DURHAM BANK & TRUST COMPANY, TRUS-
TEE, AND HOME SECURITY LIFE INSURANCE COMPANY.

(Filed 19 July 1963.)

**Trial § 35—**

An instruction on the issue of the amount of compensation for the
taking of land that plaintiff had testified to a difference in the value
of his land before and after the taking in a specified amount "which is
more than some of his own witnesses testified to" must be held for error
as tending to impeach the credibility of defendant as a witness. G.S.
1-180.

APPEAL by defendant Kenan Oil Company from *Hobgood, J.,* at the
September 1962 Term of ORANGE.

This proceeding was instituted by the State Highway Commission
under G.S. 136-19 and G.S. 136-103 *et seq.* Prior to February 9, 1961,
the defendant Kenan Oil Company owned a lot, used as a filling
station, in the southwestern intersection of N. C. Highway No. 54 and
Ayr Road in Chapel Hill. The property fronted 165 feet on the south
side of Highway No. 54 and 201.2 feet on Ayr Road. In order to
widen Highway No. 54 the plaintiff appropriated a strip 28.25 feet
wide across the northern portion of the lot abutting Highway No. 54.
As its estimate of just compensation, plaintiff deposited with the
clerk of the Superior Court of Orange County the sum of $12,700.00
which, on March 3, 1961, was disbursed to the defendant Oil Company
under G.S. 136-105 by order of the judge. The defendant, in its an-
swer to the complaint, declaration of taking, and notice of deposit,
alleged that the value of the land taken and the damage to the re-
maining property amounted to $45,000.00.

Upon the trial defendant's president, Mr. Kenan, testified that
in his opinion the difference in the market value of the property be-
fore and after the strip was taken was $45,000.00. Defendant's other
three witnesses, realtors of Chapel Hill, fixed the damage at either
$31,000.00 or $31,200.00. Witnesses for the plaintiff, appraisers in the
Chapel Hill area, fixed the damage at $8,250.00 and $10,500.00 re-
spectively. The jury awarded defendant compensation of $15,000.00
with interest from February 9, 1961. From a judgment on the verdict
the defendant Oil Company appealed.

*T. W. Bruton, Attorney General, Harrison Lewis, Assistant Attorney
General, William W. Melvin, Trial Attorney for plaintiff appellee.*
*John T. Manning for defendant appellant.*

SHARP, J.    The defendant assigns as error the following portions
of the charge which are in parentheses:

". . . Mr. Kenan himself has testified he suffered the loss of $40,000 to $45,000 because he says that the property was worth $80,000 immediately before the taking, the fair market value, and less than $40,000 afterwards, in his opinion about $35,000, which would make a difference of about $45,000 (which is more than some of his own witnesses have testified to)—EXCEPTION NO. 3 — you would take in consideration his natural interest in the outcome of this, because after all he was the owner of the property. When I say 'he', he is president of the corporation which owns the property and (there may be specific values in his mind which the real estate appraisers will not consider). EXCEPTION NO. 4.

"Now, on the other hand his witness, Mr. Hornaday, has come up with a reasonable market value of the property before the taking of $71,200, and $40,000 as the reasonable market value thereafter, making a difference of $31,200. . . ."

Immediately preceding the quoted portion the judge had told the jury that there was a great divergence of opinion among the witnesses as to the value of the property before and after the taking and, in passing upon the credibility of the witnesses, that jurors had a right to take into consideration the bias, if any, which a witness might have.

The statement which constitutes Exception No. 4 seems to be in defendant's favor. However, we think the statement which is the subject of Exception No. 3 was an inadvertent expression of opinion indicating that the judge questioned either the credibility or judgment of defendant's witness, Mr. Kenan. This assignment of error must be sustained. "A trial judge in this jurisdiction is not permitted to cast doubt upon the testimony of a witness or to impeach his credibility." *State v. Smith*, 240 N.C. 99, 81 S.E. 2d 263; G.S. 1-180.

It is clear to us that the able and conscientious trial judge meant to be stating a contention of the defendant. However, the jurors were nowhere so informed and they undoubtedly interpreted the statement, when considered along with his reference to Mr. Hornaday's evidence, to mean that the judge thought Kenan's evaluation of the damage too high. There are so many hazards to judicial navigation that not even the most circumspect navigator can avoid them all.

Since the case goes back for a new trial it is not necessary to discuss the assignment of error relating to the charge on the measure of damages. The applicable principles are discussed in *Kirkman v. Highway Commission*, 257 N.C. 428, 432, 126 S.E. 2d 107.

New trial.