STATE OF NORTH CAROLINA v. OLIVER HILTON DICKERSON

No. 6918SC383

(Filed 17 September 1969)

**1. Criminal Law § 99—    expression of opinion by trial court — examination of defendant as to prior convictions**

In this prosecution for breaking and entering and larceny, the trial court expressed an opinion on the evidence in taking over the cross-examination of defendant concerning prior convictions, the court's questions tending clearly to cast doubt on defendant's testimony and to convey to the jury an impression that the judge did not believe what defendant said.

**2. Criminal Law § 86—    denial of prior convictions — use of FBI record to contradict denial**

Where defendant denied prior convictions when questioned by the solicitor, the trial court erred in bringing defendant's FBI record to the attention of the jury by taking the record from the solicitor and questioning defendant further about prior convictions and about the record itself, the court's action being equivalent to the allowance into evidence of a record of defendant's convictions to contradict his denial.

**3. Criminal Law § 134;    Burglary and Unlawful Breakings § 8;    Larceny § 10—    use of symbols B/E and L&R in judgment and commitment**

The use of the symbols B/E and L&R in judgments and commitments is disapproved, such symbols having no generally accepted legal meaning.

APPEAL by defendant from *Bowman, J.,* 31 March 1969 Session, GUILFORD Superior Court.

Defendant is charged in three counts in a bill of indictment with the offenses of (1) a felonious breaking and entering, (2) felonious larceny, and (3) receiving stolen goods knowing them to have been stolen.

Defendant waived appointment of counsel and undertook to conduct his own defense. The State's evidence tended to show that defendant and two others broke into the premises occupied by the Jewel Box of Greensboro and took therefrom twenty-one watches and one radio. Defendant's evidence tended to show that he was not in Greensboro on the date of the alleged offense.

The case was submitted to the jury only upon the first two counts in the bill of indictment. It returned verdicts of guilty. Defendant appealed.

*Robert Morgan, Attorney General, by Eugene A. Smith, for the State.*

*Forrest Campbell for the defendant.*

BROCK, J.

After defendant testified in his own behalf, the solicitor proceeded to cross-examine him concerning previous convictions of crime, and the following transpired:

"Q. You have been convicted of a number of crimes in Kansas City, Missouri, haven't you?

"A. I refuse to answer that question on the grounds that it might intimidate my rights.

"THE COURT: You are going to be in worse trouble than that if you don't answer the questions that the Solicitor asks you. If you have been convicted of anything, anytime, anywhere, and the Solicitor asks you about it, you will answer his question.

"I have been arrested for some traffic violations."

The solicitor then proceeded to ask the witness about certain convictions in various parts of the country, to which the defendant replied that he was not convicted of the charges read by the solicitor.

"THE WITNESS: I am not guilty of those charges that he is reading off.

"THE COURT: He didn't ask you if you were guilty. He asked you if you were convicted on these matters that he is asking you about or whether you do not remember whether you were convicted or not.

"THE WITNESS: No, sir, I have never been convicted of armed robbery in my life.

"THE COURT: State whether you remember or whether you have been convicted of these things."

The solicitor continued questioning the defendant about prior convictions, to which the defendant answered no and denied each.

"THE COURT: The cross examination is completed. You may step down. Do you have anything else you want to testify as to the facts in this case?

"THE WITNESS: Is that the facts that he read off there, your Honor?

"THE COURT: You saw the record, did you not?

"THE WITNESS: Yes, sir, that could be anything — anything could be typed up there.

"THE COURT: Let me see that record there. Have you ever served any time in any prison as a result of any conviction anywhere in this world as long as you have been born except this sentence you are serving right now?

"THE WITNESS: Yes, sir, I have.

"THE COURT: Where was that and what was it for?

"THE WITNESS: I served time in Alabama.

"THE COURT: Where in Alabama?

"THE WITNESS: At the road camp there. I served time there for illegal possession of alcohol, but these other charges in some places, they are places I have never been.

"THE COURT: Was that in Birmingham, Alabama, where you say you were convicted and served time for illegal possession of alcohol?

"THE WITNESS: No, sir, I don't think so.

"THE COURT: Was it over in Montgomery, Alabama?

"THE WITNESS: Some little small town. It wasn't either one of those larger cities, but I want to ask the Court am I being tried for my past. Am I being tried here for the charge that I'm supposed to be — am I being tried for my past or am I being tried for the charge here in Greensboro?

"THE COURT: You are being tried for breaking and entering or aiding and abetting of the breaking and entering of the Jewel Box here in Greensboro. You may be asked questions about your record for that it goes to your credibility as a witness. Do you know what credibility means? If you do not, it

means that evidence is admitted — that testimony is admitted in evidence as to whether the jury may believe or disbelieve all that you have testified to, or a part of what you have testified to, or none at all of what you have testified to. This evidence as to your record is admissible in evidence because it goes to the credibility of your testimony. Have you ever served any time anywhere except in Alabama for illegal possession of alcohol?

"THE WITNESS: No, sir.

"THE COURT: Except this sentence you are serving right now?

"THE WITNESS: Yes, sir.

"THE COURT: Anywhere in the world since you have been born?

"THE WITNESS: That's right, yes, sir.

"THE COURT: Do you wish to see this record again?

"THE WITNESS: No, sir, I looked at it and it states that it is the United States Department of Justice.

"THE COURT: Talk louder, I can't hear you.

"THE WITNESS: It states that it is the United States Department of Justice, Federal Bureau of Investigation.

"THE COURT: What investigation?

"THE WITNESS: Federal Bureau. I don't know how true it is, but I'd stake my life that isn't my past, no, sir.

"THE COURT: Your name is Oliver Hilton Dickerson, isn't it?

"THE WITNESS: That's true, Oliver H. Dickerson.

"THE COURT: What does the H stand for?

"THE WITNESS: Well, I never learnt what that was.

"THE COURT: What name do you go by?

"THE WITNESS: Oliver Dickerson is usually what I use, but the Induction Board give me the middle initial.

"THE COURT: Well, look on that same record that I gave you there in the second column, what name is there in all those places?

"THE WITNESS: Well, this doesn't have anything to do with the charge that I am facing here.

"THE COURT: You are entitled to see it, if you are satisfied if your name is on that.

"THE WITNESS: Well, Oliver Dickerson — yes, that's my name.

"THE COURT: Oliver Hilton Dickerson is on there, isn't it?

"THE WITNESS: Yes, sir.

"THE COURT: Do you have anything else you wish to tell the Court and the jury?"

[1]    In taking over the cross-examination of defendant concerning prior convictions the trial judge seems to have momentarily donned the hat of prosecutor. His questioning clearly tended to cast doubt on defendant's testimony, and surely conveyed to the jury an impression that the judge did not believe what defendant said. This cross-examination by the judge was a repetition of the solicitor's cross-examination. ". . . [C]are must be exercised to avoid indirect expression of opinion on the facts, and it is improper for the trial judge to ask questions which are reasonably calculated to impeach or discredit the witness or his testimony." *State v. Kirby,* 273 N.C. 306, 160 S.E. 2d 24.

[2]    Additionally, the trial judge allowed defendant's record of convictions, as recorded by the Federal Bureau of Investigation, to be brought to the attention of the jury. This was not something the defendant brought out himself; defendant had denied the convictions when questioned by the solicitor. Then the judge, apparently addressing the solicitor, said, "Let me see that record there," and then proceeded to question defendant further about prior convictions and about the record itself. This proceeding was the equivalent of allowing into evidence a record of defendant's conviction of crime to contradict his denial. Such evidence is not admissible. Stansbury, N.C. Evidence 2d, § 48.

It is noted that in undertaking to conduct his own defense defendant's violation of rules of procedure required the trial judge to continually admonish defendant, and apparently strained the patience of the judge. Conceivably, presiding over the trial would have been less burdensome had defendant accepted appointment of counsel. But such is the lot of the trial judge; he must preside with neutrality whatever the circumstances. It is the probable effect or influence upon the jury, and not the motive of the judge, which determines whether the party whose right to a fair trial has been im-

paired to such an extent as to entitle him to a new trial. *State v. Smith,* 240 N.C. 99, 81 S.E. 2d 263.

[3] Although no question has been raised on this appeal concerning the "Judgment and Commitment" entered in the trial court we feel impelled to point out certain improprieties contained therein. We take notice that judgments in criminal cases are generally entered on forms provided by the Administrative Office of the Courts. These forms have certain printed wording, and certain blank spaces to be filled in. The use of these forms has the advantage of standardizing the form of judgments and commitments throughout the State. However, the use of forms must not be interpreted as a signal for less exactness in recording the proceedings in the trial court. In the instant case the "Judgment and Commitment" reads, in part, as follows:

> "In open court, the defendant appeared for trial upon the charge or charges of *B/E, L&R* and thereupon entered a plea of *not guilty.*
>
> "Having *been found* guilty of the offense of *B/E, L&R* which is a violation of *G.S. 14-54 14-70* and of the grade of felony, . . ."

(The portion in italics was filled in by the trial court; the part not in italics was printed on the form.)

The symbols B/E and L&R have no generally accepted legal meaning and except for the reference to G.S. 14-54 and 14-70 would leave everyone free to attach to the symbols such meaning as they may choose. We disapprove of the use of such symbols in judgments and commitments; the forms used have sufficient space to write in a more authoritative description of the offense. And while upon the subject of the judgment, the record clearly shows that the third count in the bill of indictment (receiving stolen goods knowing them to have been stolen) was not submitted to or considered by the jury; yet the "Judgment and Commitment" seems to indicate that defendant was convicted of and sentenced for this offense also. A judgment of a trial court of this State deserves a greater dignity than the use of symbols can bestow.

New trial.

BRITT and VAUGHN, JJ., concur.