STATE OF NORTH CAROLINA v. WILLIE RUFUS BATTLE

No. 737SC217

(Filed 23 May 1973)

**1. Criminal Law § 99— questioning of witness by court—prejudicial expression of opinion**

    Lengthy questioning by the court of defendant's wife as to the activities of defendant during the time of the alleged robbery, defendant's employment in Washington, D. C., the number of children of defendant and the witness, the witness's possession of a photograph of the children, the circumstances surrounding the couple's presence in Rocky Mount where the crime was allegedly committed and defendant's employment in Rocky Mount violated the rule that no judge is at any time permitted to cast doubt upon the testimony of a witness.

**2. Criminal Law § 113— jury instruction — overemphasis on State's contentions**

    The trial court in an armed robbery case, having elected to give the contentions of the parties, overemphasized those of the State to the prejudice of the defendant.

**3. Criminal Law § 66— identification of defendant — insufficiency of findings on voir dire**

    Although the court conducted a *voir dire* upon defendant's timely objection to testimony by the victim of an armed robbery identifying defendant as the perpetrator of the crime, the court's findings were inconclusive as to the essential questions presented.

APPEAL by defendant from *Martin (Perry), Judge,* 2 October 1972 Session of Superior Court held in NASH County.

The State's evidence tended to show that shortly after 9:00 p.m., on 25 May 1972, defendant, armed with a pistol, robbed one Estill in a motel room at Rocky Mount. Defendant offered evidence tending to show that he was in his residence in Washington, D. C., at the time of the robbery; that on 25 May 1972, he worked in the vicinity of Washington, D. C., for his regular employer, Herman Daniels, who owned Daniels' Trash Company. The jury returned a verdict of guilty of armed robbery and judgment was entered imposing a prison sentence. Defendant was represented at trial and on appeal by court appointed counsel.

*Attorney General Robert Morgan by Robert G. Webb, Assistant Attorney General for the State.*

*Dill, Fountain & Hoyle by William S. Hoyle for defendant appellant.*

---

State v. Battle

---

VAUGHN, Judge.

We will discuss only so much of the evidence as is thought to be necessary to indicate why there must be a new trial.

Estill, the victim, had testified that, during the robbery, the man who robbed him stated that he had four children and that when he talked with defendant at the police station defendant told him he had four children. Defendant's wife testified, among other things, that she and defendant had only two children; after working all day, defendant returned to their Washington residence about 6:30 p.m., on 25 May 1972, ate dinner, watched television and retired for the night about 10:30 p.m.; defendant did not leave Washington during the month of May and that they came to Rocky Mount in June, leaving their two children in Washington with the witness's mother. After cross-examination by the solicitor, the court undertook to examine the witness as follows.

"BY THE COURT:

Q.  What type of work do you do in Washington?

A.  I was working for the Telephone Company.

Q.  About when did you quit there?

A.  Last year.

Q.  How old are you?

A.  Twenty-four.

Q.  You say the man's name your husband worked for was what?

A.  He worked for Daniels Trash Company.

Q.  Daniels Trash Company?

A.  Yes.

Q.  Have you ever seen Mr. Daniels?

A.  No.

Q.  You don't know if he is a white man or a black man, or a red man, or a yellow man, do you?

A.  My husband said he was black.

Q. Does your husband always bring his pay check home to you?

A. Yes.

Q. Do you keep those records for him?

A. Yes.

Q. Do you have any records showing when he got his last check in Washington, D. C.?

A. I don't have it with me but it was in June.

Q. Where would you have it?

A. All our furniture and all that stuff is still in Washington.

Q. You left your furniture, your records and your children and everything in Washington?

A. Yes. We just came for a visit.

Q. You are just visiting down here now?

A. Yes.

Q. But your husband is working here now?

A. Well, he took a job because he got into this trouble. It was only a visit and we were going back to Washington.

Q. Do you have a picture of your children or anything like that?

A. I have one of my daughter. I have a picture of my daughter.

Q. But not all of your children together?

A. I have only two.

Q. You don't have a picture of them together?

A. No.

Q. Do you know whether or not your husband drew unemployment at any time after he left Washington?

A. No, he didn't.

Q. He did not?

---

---

A.   No.

BY THE COURT: All right, Thank you."

[1]   The sound rule that no judge at any time is permitted to cast doubt upon the testimony of a witness is firmly fixed in this jurisdiction. The judge must exercise great care to see that nothing he does or says during the trial can be understood by the jury as an expression of an opinion on the facts or conveys an impression of judicial leaning. *State v. Frazier*, 278 N.C. 458, 180 S.E. 2d 128; *State v. Kimrey*, 236 N.C. 313, 72 S.E. 2d 677; *State v. Lynn*, 246 N.C. 80, 97 S.E. 2d 451. We hold that the court's participation in the examination of the witness constitutes prejudicial error.

[2]   In other assignments of error defendant contends that the court committed error in the manner in which he stated the contentions of the parties. We hold that the court, having elected to give the contentions of the parties, overemphasized those of the State to the prejudice of the defendant.

[3]   Defendant brings forward assignments of error attacking the admission, over timely objection, of testimony by the victim identifying defendant as the person who committed the robbery. Although a *voir dire* was conducted, the court's findings were inconclusive as to the essential questions presented. At the next trial, if proper and timely objection is made, the court will determine the admissibility of the evidence in the manner required and as set out in numerous decisions of the Supreme Court. See *State v. Accor* and *State v. Moore*, 277 N.C. 65, 175 S.E. 2d 583; *State v. Knight*, 282 N.C. 220, 192 S.E. 2d 283; *State v. Stepney*, 280 N.C. 306, 185 S.E. 2d 844.

New trial.

Judges CAMPBELL and HEDRICK concur.