BLANCHE LOUISE HARTMAN BRITT, PLAINTIFF v. YVONNE G. UPCHURCH, DEFENDANT

No. 8910SC347

(Filed 7 November 1989)

**Wills § 28.3 (NCI3d)— devise of residence—question as to vacant lot next door—latent ambiguity—evidence of testator's intent admissible**

Testator's devise to his wife for life of "my residence at 2615 Cooleeme (sic) Street" was a latent ambiguity, since it was not clear whether testator intended to include an adjacent vacant lot as a part of his residence, and the trial court erred in excluding defendant's affidavit that the testator made statements at the time of the execution of his will that he considered the lots separate properties.

**Am Jur 2d, Wills §§ 1281, 1282.**

APPEAL by defendant from *Bailey (James H. Pou), Judge*. Judgment entered 8 February 1989. Defendant also appeals the entry of the interlocutory order excluding evidence entered 13 January 1989 in Superior Court, WAKE County. Heard in the Court of Appeals 12 October 1989.

Plaintiff brought this action to quiet title to Lot 37 on Cooleemee Street in Raleigh, North Carolina. Lot 37 adjoins Lot 36 on which

BRITT v. UPCHURCH

[96 N.C. App. 257 (1989)]

is located a dwelling house. County tax records show Lot 36 as "2615 Cooleemee" and Lot 37 as "2613 Cooleemee." Plaintiff is the daughter of Walter Schley Hartman and Lula Lee Hartman. Lula Lee Hartman died in 1976. The defendant is the daughter of Mr. Hartman's second wife, Ada Cassie Hartman, by a previous marriage. Mr. Hartman married Ada Cassie Hartman in 1978.

Mr. Hartman executed his will on 12 March 1979. The will provided: "I give, devise and bequeath unto my said wife [Ada Cassie Hartman] my residence at 2615 Cooleeme (sic) Street, Raleigh, North Carolina, for the term of her natural life. I give and devise the remainder interest in said property to my daughter, BLANCHE LOUISE HARTMAN BRITT." Defendant's mother, Ada Cassie Hartman, was the beneficiary under the residuary clause of Mr. Hartman's will.

Ada Cassie Hartman died April 5, 1988. Her will designated her daughter, Yvonne Upchurch, as the sole beneficiary of her estate.

*Nichols, Miller & Sigmon, P.A., by R. Bradley Miller, for plaintiff-appellee.*

*Merriman, Nicholls & Crampton, P.A., by William W. Merriman, III and Elizabeth Anania, for defendant-appellant.*

LEWIS, Judge.

The issue below in this case was whether Mr. Hartman intended for the adjoining lot, No. 37, to pass with the "residence," Lot 36, under the above quoted passage, or whether it was intended to pass in fee to Ada Cassie Hartman under the residuary clause. Defendant assigns as error the entry of summary judgment against her in favor of the plaintiff. Defendant also assigns as error the failure of the trial court to consider the affidavit of Thomas F. Adams, Jr., the attorney who prepared Mr. Hartman's will. We agree with the defendant and reverse.

At the hearing on summary judgment, the trial court refused to consider the affidavit of Thomas F. Adams, Jr., the attorney who prepared Mr. Hartman's will. In his affidavit, Mr. Adams stated:

> It is my best recollection that Mr. Hartman mentioned to me on the day he came to execute his Will that he owned a vacant lot adjacent to the lot on which his residence was located.

It is also my best recollection that I suggested that the Will be redrawn to clarify that this lot was or was not deemed to be a part of the lot on which his residence was located. My best recollection of his response was to the effect that he had had one or more heart attacks and was very ill; that he wanted to sign his Will without waiting for it to be rewritten; that he wanted his Wife to have the vacant lot and the residuary clause was sufficient to devise it to her; that everyone knew that it was not a part of his residence lot and had never been cleared and made a part of the yard (he said it was covered by trees and undergrowth); and that the residence lot and the vacant lot were purchased at separate times.

Defendant argues that this evidence is admissible as evidence of the testator's intent when he disposed of the two lots. Extrinsic evidence surrounding the circumstances of a devise is admissible when there is a latent ambiguity. *Redd v. Taylor*, 270 N.C. 14, 22, 153 S.E.2d 761, 766 (1967). In the present case, whether "my residence at 2615 Cooleeme (sic) Street" includes the adjacent lot is a latent ambiguity as to what land was included under that designation.

Plaintiff has submitted her own affidavit showing that Mr. Hartman had built a garage and tool shed on Lot 37, a concrete sidewalk from the house to the garage, and partially paved the driveway. Mr. Hartman also erected a doghouse and a pen on Lot 37. All of this evidence was admitted at the hearing on summary judgment to show that the testator and his family treated the two lots as one single residence. In support of her position, plaintiff cites *Thomas v. Summers*, 189 N.C. 74, 126 S.E. 105 (1925), where the testatrix devised to the defendant "my home place on McIver Street." At the time of her death, she owned two lots on McIver Street, one purchased 29 October 1915 and the other on 19 November 1915. Shortly before her death, the testatrix had contracted to have an iron fence placed around the two lots. Plaintiff cites this case for the proposition that extrinsic evidence is admissible to prove that the testator treated the two lots as a single residence. However, the court also considered statements made by the testatrix that she considered the two lots as "my home place." *Id.* at 75, 126 S.E. 106. The court rejected the argument that the statements were incompetent, stating, "if there be a *patent* ambiguity in an instrument, the instrument must speak for itself, and evidence *dehors* cannot be resorted to . . . in cases

of *latent* ambiguity, evidence *dehors* is not only competent, but *necessary." Id.* at 76, 126 S.E. 107 (emphasis original), *accord, Redd v. Taylor,* 270 N.C. 14, 22, 53 S.E.2d 761, 766 (1967).

In the present case, whether the testator considered the adjacent lots to be his single residence is a latent ambiguity. The defendant's affidavit is admissible to show his intent. Both parties have offered affidavits showing contrary intent—the plaintiff's affidavit tends to show that the testator treated the two lots as a single residence; the defendant's affidavit shows that the testator made statements at the time of the execution of his will that he considered the lots separate properties. The weight and credibility to be given to these statements is for the jury to determine as finder of fact. Material issues of fact exist.

Reversed and remanded.

Judges PHILLIPS and COZORT concur.