STATE v. WATTS RHODES.

(Filed 23 September, 1936.)

**Intoxicating Liquor G c—Evidence held sufficient, without regard to statutory presumption, on charge of possessing whiskey for sale.**

Evidence that officers found a funnel, and a number of containers, and glasses smelling of whiskey, some of which had a small quantity of whiskey in them, in different places on defendant's premises, *is held* sufficient to be submitted to the jury in a prosecution of defendant on a charge of having possession of intoxicating liquor for the purpose of sale, although the amount of whiskey discovered on the premises was insufficient to invoke the presumption under the provisions of C. S., 3379 (2).

APPEAL by defendant from *Harris, J.,* at June Term, 1936, of MARTIN.  No error.

The defendant was charged with the possession of intoxicating liquor for the purpose of sale, and from judgment pronounced upon a verdict of guilty as charged, defendant appealed.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*
*H. L. Swain for defendant.*

PER CURIAM.  The only assignment of error is to the refusal of the court to allow defendant's motion for judgment as of nonsuit.

The evidence for the State was to the effect that the defendant was the proprietor of a small store, operated a pool table, and had groceries for sale; that upon a search of the premises the officers found two bottles with about a tablespoonful of whiskey and a glass jug with about a half pint of whiskey in it, two small glasses with odor of whiskey, and a small funnel with odor of whiskey.  These bottles and jug were behind the counter.  The glasses were on a shelf on the other side of the store. In addition, there were several fruit jars in one corner of the store which had odor of whiskey in them.  Outside the back door at the end of a path about eight steps away were found six pints of whiskey, concealed in some weeds.

While the quantity of whiskey found was not sufficient to invoke the statutory provision making out a *prima facie* case under C. S., 3379, the various vessels in which the liquor was contained, the paraphernalia, location, and other surrounding circumstances, did constitute some evidence of the purpose and intent with which the whiskey was possessed by the defendant.  As was said in *S. v. Langley,* 209 N. C., 178: "Without regard to the statutory presumption arising from the quantity of liquor in possession, under C. S., 3379 (2), . . . the facts and circumstances shown by the evidence were sufficient to justify the inference by the jury that the defendant had such liquor in his possession for sale."

The motion for judgment as of nonsuit was properly overruled.  In the trial we find

No error.