## STATE v. GRANT WILLIAM HOLBROOK.

(Filed 17 March, 1948.)

**1. Intoxicating Liquor § 9d—**

The State's evidence tending to show that officers found in defendant's car, which defendant was driving, four fifth gallon bottles of intoxicating liquor intact and four broken bottles from which some of the contents had leaked out, all of which contained or had contained sloe gin, *is held* sufficient to overrule nonsuit in a prosecution under G. S., 18-2, for transportation and possession of intoxicating liquor in a county which had not elected to come under the Alcoholic Beverage Control Act.    G. S., 18-36, *et seq.*

**2. Intoxicating Liquor § 9b—**

The proviso of G. S., 18-49, permitting the transportation of alcoholic beverages not in excess of one gallon from a county which has elected to come under the Alcoholic Beverage Control Act to another county not coming under the provisions of this Act, is a matter of defense, and it is incumbent upon the defendant to bring his case within the exception either from the State's evidence or from his own.

**3. Intoxicating Liquor § 9c—**

Testimony that defendant had in his possession sloe gin is evidence of possession of intoxicating liquor.    G. S., 18-1.

APPEAL by defendant from *Clement, J.,* at September Term, 1947, of YADKIN.    No error.

The defendant was indicted for transportation and possession of intoxicating liquor in violation of G. S., 18-2.    There was verdict of guilty as charged, and from judgment imposing sentence the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Trivette, Holshouser & Mitchell and F. B. D. Harding for defendant.*

DEVIN, J.    The sole question presented by the appeal is the sufficiency of the evidence offered by the State to warrant submission of the case to

the jury. The defendant did not testify and offered no evidence. From the State's evidence it appears that the defendant's automobile, which he was at the time driving, was overturned as result of a collision on the highway, and there was found in his automobile a carton or case containing four unbroken bottles (fifths) of sloe gin. In the case with these bottles were three or four broken bottles from which some of the contents had leaked out. The witness described it as "sloe gin, red gin."

Yadkin County is not within the territory affected by the Alcoholic Beverage Control Act of 1937 (G. S., 18-36). Under the provisions of G. S., 18-2, it was unlawful to transport, possess or purchase any intoxicating liquor, "except as authorized in this article." By G. S., 18-49, it was declared not unlawful to transport alcoholic beverages not in excess of one gallon "from a county" which is under the provisions of the Act of 1937 "to or through" another county not under the provisions of this Act, provided the cap or seal of the container has not been opened or broken, and the liquor is not being transported for the purpose of sale.

We think, in keeping with the rule of favorable consideration of the State's evidence on motion to nonsuit, testimony that in the case in the defendant's automobile were found four bottles intact, and in the same case four other broken bottles from which the contents were leaking, afforded ground for the reasonable inference that more than one gallon of intoxicating liquor had been transported by the defendant in violation of the statute.

On another ground we think the motion to nonsuit was properly overruled. The exemption from criminal liability for the transportation of liquor into or through a county not within the provisions of the Act of 1937 applies to liquor being transported from a county which is under the provisions of the Act, G. S., 18-49, or from without the State. G. S., 18-58. Here there was no evidence where the liquor came from, and it was a matter of defense for the defendant to bring his case within the exception, either from the State's evidence or that of the defendant. *S. v. Davis*, 214 N. C., 787, 1 S. E. (2d), 104; *S. v. Epps*, 213 N. C., 709, 197 S. E., 580. See also *S. v. Wilson*, 227 N. C., 43, 40 S. E. (2d), 449; *S. v. Suddreth*, 223 N. C., 610, 27 S. E. (2d), 623, where the pertinent statutes on the subject are analyzed and interpreted. In the *Davis case, supra*, it was said: ". . . when defendant relies upon some independent, distinct, substantive matter of exemption, immunity or defense, beyond the essentials of the legal definition of the offense itself, the onus of proof as to such matter is upon the defendant." Since the statute (G. S., 18-1) declares that the phrase intoxicating liquor shall be construed to include, among other enumerated beverages, gin, the designation by the witness of the liquor in the case as "sloe" gin would seem to indicate the source

of its production rather than to remove it from the category of intoxicating liquor.

The defendant's motion for nonsuit was properly denied, and as no other assignment of error is brought up, we conclude that in the trial there was

No error.