### STATE v. ARTHUR PERRY AND PERCY CONE.

(Filed 1 March, 1950.)

**1. Intoxicating Liquor § 9d—**

Evidence in this case *is held* sufficient to be submitted to the jury as to one defendant on the charges of illegal transportation and possession of intoxicating liquors and as to the other defendant on the charges of aiding and abetting therein.

**2. Automobiles § 29b—**

Evidence that defendant drove his car at a speed of between 80 and 90 miles per hour on the highway, *held* sufficient to be submitted to the jury on the charge of reckless driving.

**3. Criminal Law § 50d—**

The trial court may not by remarks or questions impeach the credibility of a witness or in any manner convey to the jury the impression that the testimony of a witness, in the opinion of the court, is probably unworthy of belief.   G.S. 1-180.

**4. Criminal Law § 78c—**

Where a remark or question by the court amounts to an expression of opinion, an exception thereto need not be taken at the time but may be taken after verdict.

**5. Criminal Law § 81c (7)—**

A remark or question by the court during the progress of the trial, even though it amount to a prohibited expression of opinion by the court, will not entitle defendant to a new trial when the matter, considered in the light of all the facts and attendant circumstances, is not of such prejudicial nature as could reasonably have had an appreciable effect on the result of the trial.

**6. Criminal Law § 48e—**

The trial court has discretionary power to permit the State to offer additional evidence after the State and the defendants have rested their case when such additional evidence has a direct bearing on the case and its existence was not known to the solicitor in time to have introduced it earlier, it not appearing that defendants were denied the privilege of offering testimony in rebuttal if they had so desired.

APPEAL by defendants from *Burney, J.,* at September Term, 1949, of WILSON.

Criminal prosecution tried upon warrants charging the defendant Perry with reckless driving, transporting and illegal possession of nontax paid intoxicating liquors, and the defendant Cone with transporting and illegal possession of nontax paid intoxicating liquors, and also with aiding and abetting in the transportation and possession of nontax paid intoxicating liquors.

The cases were consolidated for the purpose of trial by consent.

The State's evidence tends to show that the defendant Perry was driving an automobile on one of the highways of the State, on the morning of 9 March, 1949, and passed the home of George Joyner, about two miles from the town of Wilson, traveling between 80 and 90 miles per hour. The car failed to make a slight curve in the highway near the Joyner home, went through the edge of Joyner's field and turned to the left into a drain or ditch parallel to the highway at a point where another ditch intersected the road ditch. The car came to rest in the ditch 270 feet from the point where it left the highway. The defendant Cone was with Perry at the time. Immediately after the wreck, these defendants were seen removing two pasteboard containers out of the car and taking them up the ditch. A highway patrolman was called from Wilson, and upon arriving at the scene of the wreck, according to his testimony, he found the front of the car wet with whiskey, and that he, in company with George Joyner, Joyner's son and the defendant Cone, followed tracks up the ditch and found a carton containing four gallons of nontax paid whiskey in the ditch about 100 feet from the car; they then followed the tracks about 175 feet further to a brush pile, where they found the second carton containing four gallons of nontax paid whiskey. There was other evidence as to the presence of broken jugs and glass jars in the ditch near

the car, which jars bore the same label as those which contained the eight gallons of whiskey found in the pasteboard cartons.

A witness for the defendants testified that he had left his truck on the Stantonsburg road the night before "when it had given out of gas" and that he had gone to the defendant Perry's home about 4:00 a.m., on the morning in question and that Perry took him to a filling station where he bought two gallons of gasoline in jugs to use in his truck.

Apparently this evidence was offered to explain the presence of the broken jugs near Perry's car. Whereupon the court made the following inquiries:

"Q. What time did you give out of gas the night before? A. .............. .

"Q. And you waited until 4:00 o'clock the next morning to get gasoline? A. Yes, sir.

"Q. You have known Arthur Perry how long? A. Ever since he was a kid.

"Q. You all go together, ride together, you are close friends? A. Just neighbors living close together.

"Q. Well, he was friend enough to get up at 4:00 o'clock and take you to your truck, wasn't he? A. Yes, sir."

Other questions were propounded to the filling station operator who sold the owner of the truck the two gallons of gasoline in jugs, which jugs were placed in defendant Perry's car. The court elicited the information from the witness that the defendant Perry drove a Ford car or a green Pontiac, and sometimes a two-tone gray Pontiac; that the witness only had three or four jugs that he used to carry gasoline. The court then inquired as to how long the odor of gasoline would remain in a jug and whether such jugs could be used thereafter for anything else. The witness testified that when the jugs were once filled with gasoline, they could not be used for anything but batteries, without washing them out which was "not too easy."

No objection was made during the course of the trial, to any of the questions propounded to the witnesses by the trial judge. Exceptions were taken after the trial and assigned as error.

The jury returned a verdict of guilty as to "both defendants as charged on each and every count."

From the judgments entered on the verdict, the defendants appeal and assign error.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*Robert W. Jones for defendants.*

DENNY, J.   In the light of the evidence adduced in the trial below, we concur in the ruling of the trial judge in refusing to sustain the defendants' motions for judgment as of nonsuit, and the exceptions entered thereto are overruled.   *S. v. Fentress,* 230 N.C. 249, 52 S.E. 2d 795; *S. v. Holbrook,* 228 N.C. 582, 46 S.E. 2d 842; *S. v. Turner,* 220 N.C. 437, 17 S.E. 2d 501; *S. v. Epps,* 213 N.C. 709, 197 S.E. 580; *S. v. Rhodes,* 210 N.C. 473, 187 S.E. 553; *S. v. Langley,* 209 N.C. 178, 183 S.E. 526; *S. v. Weston,* 197 N.C. 25, 147 S.E. 618; *S. v. Baldwin,* 193 N.C. 566, 137 S.E. 590.

The defendants seriously contend that the manner in which the trial judge examined the defendants' witnesses and the type of questions propounded to them, amounted to an expression of opinion by the court, in violation of G.S. 1-180, and the decisions thereunder, citing *S. v. Cantrell,* 230 N.C. 46, 51 S.E. 2d 887; *S. v. Oakley,* 210 N.C. 206, 186 S.E. 244; *S. v. Bryant,* 189 N.C. 112, 126 S.E. 107, and *S. v. Jones,* 181 N.C. 546, 106 S.E. 817.

It is well settled in this jurisdiction that it is improper for a trial judge to ask questions for the purpose of impeaching a witness.   Counsel may do so of any adverse witness, but this privilege does not extend to the trial judge.   *S. v. Cantrell, supra; S. v. Bean,* 211 N.C. 59, 188 S.E. 610.

Moreover, questions propounded by the Court, as well as remarks made to or about a witness, which are clearly calculated to convey to the jury the impression that the testimony of the witness, in the opinion of the court, is probably unworthy of belief is error.   And the fact that an exception was not entered at the time the question was propounded or the remark was uttered is immaterial.   All expressions of opinion by the judge during the trial, like the admission of evidence made incompetent by statute, may be excepted to after verdict.   *S. v. Bryant, supra.*

On the other hand, there are times in the course of a trial, when it becomes the duty of the judge to propound competent questions in order to obtain a proper understanding and clarification of the testimony of the witness or to bring out some fact that has been overlooked.   But the trial judge should not by word or mannerism convey the impression to the jury that he is giving it the benefit of his opinion on the facts.   *S. v. Harvey,* 214 N.C. 9, 197 S.E. 620; *S. v. Hart,* 186 N.C. 582, 120 S.E. 345.   In the last cited case, *Stacy, C. J.,* in discussing this question, said: "It can make no difference in what way or when the opinion of the judge is conveyed to the jury, whether directly or indirectly, or by the general tone of the trial.   The statute forbids an intimation of his opinion in any form whatever, it being the intent of the law to insure to each and every litigant a fair and impartial trial before the jury."   *S. v. Rogers,* 173 N.C. 755, 91 S.E. 854; *Morris v. Kramer,* 182 N.C. 87, 108 S.E. 381;

*S. v. Winckler,* 210 N.C. 556, 187 S:E. 792; *S. v. Owenby,* 226 N.C. 521, 39 S.E. 2d 378.

It does not follow, however, that every ill-advised comment by the trial judge or question propounded by him which may tend to impeach the witness, is of such harmful effect as to constitute reversible error. The comment made or the question propounded should be considered in the light of all the facts and attendant circumstances disclosed by the record, and unless it is apparent that such infraction of the rules might reasonably have had a prejudicial effect on the result of the trial, the error will be considered harmless. Applying this criterion in the instant case, it is our opinion the evidence brought out by the court, when considered in the light of all the facts and attendant circumstances, disclosed by the record, was not of such prejudicial nature as to have had any appreciable effect on the result of the trial below. *S. v. Puett,* 210 N.C. 633, 188 S.E. 75; *S. v. Jones, supra; S. v. Browning,* 78 N.C. 555.

The defendants except and assign as error the ruling of his Honor in allowing the State to introduce additional evidence after the State and the defendants had rested their case the afternoon before. The evidence had a direct bearing on the defendants' connection with the two cartons of nontax paid liquors found in or near the ditch, referred to herein, by the highway patrolman and others. The existence of the evidence offered was not known to the Solicitor in time to have introduced it earlier. Moreover, it does not appear that the time of its introduction was prejudicial to the defendants, or that they were denied the privilege of offering testimony in rebuttal if they had so desired. It is discretionary with the presiding judge whether he will reopen the case and admit additional testimony after the conclusion of the evidence. *Miller v. Greenwood,* 218 N.C. 146, 10 S.E. 2d 708; *Ferrell v. Hinton,* 161 N.C. 348, 77 S.E. 224; *Dupree v. Insurance Company,* 93 N.C. 237; *S. v. Harris,* 63 N.C. 1. When the ends of justice require it, evidence may be offered even after the argument of counsel, *Williams v. Averitt,* 10 N.C. 308, or after the jury has retired, *S. v. Noblett,* 47 N.C. 418.

The additional exceptions have been carefully considered and they present no prejudicial error.

In the trial below we find

No error.