STATE OF NORTH CAROLINA v. CHARLES ROBINSON,
ALIAS HOWARD BEASLEY

No. 17

(Filed 13 October 1971)

Criminal Law § 99— expression of opinion on the evidence

> In this armed robbery prosecution wherein defendant, in attempting to show that he was at a motel at the time of the robbery, testified that the night before the robbery he had checked into the motel and the operator had asked him to get the key the following morning, and the solicitor objected to a leading question asked defendant as to whether he went down to the desk the next day and asked for the key, the trial court did not express an opinion on the evidence prejudicial to defendant in stating, "I can't see what the key has to do with this case, frankly," where (1) there was no evidence before the court when the comment was made that defendant was attempting to use the key incident to establish an alibi, (2) the comment was in effect a statement that he was overruling the solicitor's objection to the leading question, and (3) defendant was allowed to develop his evidence as to the key incident without any limitation.

APPEAL by defendant from *Bailey, J.,* 11 January 1971 Criminal Session of CUMBERLAND Superior Court.

Defendant was tried upon a bill of indictment charging him with armed robbery.

The evidence is briefly summarized as follows: On 31 August 1970 Robert Sinclair was in the Army stationed at Fort Bragg, North Carolina, and resided at 1600 Murchison Road, Fayetteville, North Carolina. On that date he received his pay and left Fort Bragg to return to his home. Between 10:30 and 11:00 a.m., about half a block from his home, defendant Robinson and another man approached him from the rear. The man

with Robinson had a gun and asked Sinclair for his money. Robinson was standing about a foot in front of Sinclair at the time. Sinclair gave his money, consisting of nineteen twenty-dollar bills, one ten-dollar bill, one five-dollar bill, and a one-dollar bill, to the man with the gun. Robinson also demanded Sinclair's watch. When Sinclair gave Robinson the watch, Robinson and his companion left. Later that day Sinclair saw Robinson on the street in Fayetteville and called the police. Robinson was arrested and searched. Nineteen twenty-dollar bills and a draft card with the name Howard Beasley on it were found in his sock. Robinson also had two ten-dollar bills, one five-dollar bill, and a one-dollar bill in his pocket.

Defendant testified in his own behalf. His testimony tended to show that he arrived in Fayetteville on 30 August 1970 with two girls. They went to the King Cole Motel about eleven or twelve o'clock that night and rented rooms. There was some mix-up about the key. About 10:00 or 10:30 a.m. on 31 August 1970 defendant went to the desk and asked for a key. The man on the desk tried to open the door but the key did not work. It was necessary to make another key. Defendant's testimony further tended to indicate that he was not involved in any robbery and that he spent most of the day with his friends until the time he was apprehended. He did not offer other witnesses.

From a verdict of guilty as charged and sentence imposed, defendant appealed to the Court of Appeals. The case was transferred to this Court under the transferral order of 31 July 1970.

*Attorney General Robert Morgan and Deputy Attorney General James F. Bullock for the State.*

*Sol G. Cherry, Public Defender, for defendant appellant.*

MOORE, Justice.

Defendant contends that the trial judge's comment, "I can't see what the key has to do with this case, frankly," constitutes an expression of opinion and is reversible error.

Defendant has testified that he and two girls arrived at the motel about eleven or twelve o'clock on the night of 30 August 1970, and the motel operator let them into the rooms and asked defendant to get the key the following morn-

ing. At this point defendant's attorney asked a leading question: "And did you the next day go down to the desk and ask for a key?" Defendant answered, "Yes sir." The solicitor objected to the question as leading. It was then that the court said, "I can't see what the key has to do with this case, frankly." Defendant contends that the court's comment negated a possible alibi and destroyed any hope that defendant's statement with regard to his movements and activities would be considered by the jury as having any importance.

Two things clearly appear: First, at the time the court made the comment to which defendant takes exception, there was no evidence before the court to indicate that defendant was attempting to set up an alibi for 10:00 or 10:30 a.m. or that he was attempting to use the key incident as a part of the alibi; secondly, the comment by the judge was obviously addressed to the solicitor's objection and was in effect a statement that he was overruling the objection to the leading question. The defendant was allowed to develop his evidence as to the key incident without any limitation. It should also be noted that defendant testified that he was at the motel about 10:00 or 10:30 a.m. The defendant's evidence as to the key does not attempt to establish an alibi between 10:30 and 11:00 a.m., the time of the robbery. Thus, under any consideration of the judge's remark, it cannot be said to be an expression of an opinion prejudicial to the defendant.

As said in *State v. Perry,* 231 N.C. 467, 471, 57 S.E. 2d 774, 777 (1950):

" . . . The comment made or the question propounded should be considered in the light of all the facts and attendant circumstances disclosed by the record, and unless it is apparent that such infraction of the rules might reasonably have had a prejudicial effect on the result of the trial, the error will be considered harmless."

In charging the jury the court fully stated defendant's evidence concerning the key and in the charge stated:

"Now, ladies and gentlemen of the jury, the court has no opinion as to what your verdict should not or should be. Anything that the court has said in its charge or anything that the court has said during the course of the trial, shall not be considered by you as an expression of opinion as

to what your verdict should or should not be, because the law of North Carolina does not permit me to express an opinion. In fact the court has no opinion in this matter."

We think the comment made by the trial judge about the key had no appreciable effect on the result of the trial below.

Defendant does not contend that other errors were committed, and we find none.

No error.