STATE OF NORTH CAROLINA v. MATTHEW DANNY TEACHEY
AND RONALD WHITAKER

No. 753SC186

(Filed 18 June 1975)

**Criminal Law § 124— two charges — verdict referring only to one charge — acquittal on other charge**

Where defendant was tried on charges of (1) possessing more than one ounce of marijuana with intent to sell or deliver and (2) selling or delivering marijuana, and the jury verdict found defendant "guilty of selling and delivering marijuana" but did not refer to the charge of possession with intent to sell or deliver, the verdict amounted to an acquittal on the charge of possession with intent to sell or deliver.

APPEAL by defendant Teachey from *Rouse, Judge.* Judgment entered 6 December 1974 in Superior Court, CARTERET County. Heard in the Court of Appeals 7 May 1975.

Defendant Teachey was charged with: (1) possessing more than one ounce of marijuana with intent to sell or deliver, and (2) selling or delivering marijuana. The two charges were consolidated for trial. Upon his plea of not guilty, the jury returned a verdict of guilty of selling or delivering marijuana. From judgment sentencing him to imprisonment for a term of "not to exceed 2 years in the Department of Corrections as a committed Youthful Offender pursuant to G.S. 148-3A," defendant Teachey appealed.

*Attorney General Edmisten, by Assistant Attorney General Myron C. Banks, for the State.*

*Edward G. Bailey for defendant appellant.*

MORRIS, Judge.

Counsel for the defendant requests that we review the record to determine whether the trial court committed error. We have examined the record and find that although the defendant was tried on two indictments, the jury returned only one verdict. The jury found that the defendant was "[g]uilty of

State v. Teachey

selling or delivering marijuana" but in its verdict did not refer to the charge of possession of more than one ounce of marijuana with intent to sell or deliver. It has been held a verdict which refers to only one charge amounts to an acquittal on any other charges being tried at the same time. 3 Strong, N. C. Index 2d, Criminal Law, § 124, pp. 37-38, and cases cited therein. Accordingly, a judgment of acquittal should be entered in case number 74CR6249.

Although we find no error in the trial, the case must be remanded to the Superior Court of Carteret County for the entry of a proper judgment in case number 74CR6249.

Remanded for entry of judgment of acquittal in case number 74CR6249.

Number 74CR6250—no error.

Chief Judge BROCK and Judge HEDRICK concur.