STATE OF NORTH CAROLINA v. ENITH LESTER TAYLOR

No. 7817SC279

(Filed 29 August 1978)

1. **Constitutional Law § 46— motion for new lawyer—denial proper**

    The trial court did not err in denying defendant's motion that a new lawyer be appointed to defend him, since, in the absence of any substantial reason for replacement of court appointed counsel, an indigent defendant must accept counsel appointed by the court, unless he wishes to present his own defense.

2. **Criminal Law § 105— motion for nonsuit upon multiple counts—reviewability on appeal**

    The State's argument that, where a motion to nonsuit is not limited to a particular count but is addressed to all counts, the motion cannot be allowed where there is sufficient evidence to support any count is without merit, and the improper phrasing of a motion to dismiss will not destroy reviewability on appeal.

3. **Criminal Law § 114.2— misstatement of evidence—no expression of opinion**

    In a prosecution of defendant for forging and uttering two forged checks, the trial court's statement that the State must prove that defendant passed one of the checks "to some store, I believe," did not amount to an expression of opinion prejudicial to defendant.

4. **Criminal Law § 124.4.— multiple charges—guilty verdict—acquittal of charge not mentioned**

    In a prosecution for breaking and entering, larceny, forgery and uttering forged checks where the jury announced guilty verdicts on all of the charges except larceny, upon which no verdict was announced, the trial court erred in failing to arrest judgment as to the larceny charge, since a verdict which does not refer to all the crimes charged amounts to an acquittal on those charges not mentioned.

APPEAL by defendant from *Crissman, Judge.* Judgment entered 4 November 1977, in Superior Court, SURRY County. Heard in the Court of Appeals 16 August 1978.

Defendant was charged upon proper bills of indictment with one count of breaking and entering and larceny and with two counts of forging and falsely making checks. At trial, the State's evidence tended to show that one Thelma Hair, who operated and lived in a rooming house in Mount Airy, leased a room to defendant; that on 10 April 1977, Mrs. Hair went to church and upon her return noticed that the door of her apartment had been damaged; and that approximately $59 in small bills and change and three loose checks were missing from her apartment. Mrs. Hair could identify Exhibits 1 and 2 (each of which was a check for $130.08 made payable to defendant and signed with Mrs. Hair's name) as two of the missing checks, and she testified that she did not write these checks and that her signatures on them were forgeries. Phyllis Eads, a teller at the Bank of Pilot Mountain, testified that she cashed Exhibit 2 for defendant. Thaddeus Raleigh, a taxi cab driver in Mount Airy, stated that defendant had asked him to change some coins for him, that defendant had some $40 or $50 in coins, and that Raleigh drove him to a convenience store to change the coins into currency.

Defendant presented no evidence. The jury returned a verdict of guilty of breaking and entering and of forging and uttering the two checks. Although no verdict was ever announced on the larceny charge contained in the breaking and entering indictment, the trial judge noted in his judgment that defendant had been convicted of both breaking and entering and larceny, and he entered a "consolidated" judgment of ten years. On the forgery and uttering charges, defendant was given a consolidated suspended sentence. He appeals.

*Attorney General Edmisten, by Assistant Attorney General Mary I. Murrill and Deputy Attorney General William W. Melvin, for the State.*

*Neaves, Everett & Peoples, by Charles M. Neaves and Hugh H. Peoples, for defendant appellant.*

MARTIN, Judge.

## I.

[1]   The defendant's first argument, that the trial court erred in denying defendant's motion that a new lawyer be appointed to defend him, is without merit. In *State v. McNeil*, 263 N.C. 260, 139 S.E. 2d 667 (1965), the Supreme Court stated that in the absence of any substantial reason for replacement of court-appointed counsel, an indigent defendant must accept counsel appointed by the court, unless he wishes to present his own defense. In the present case, the following exchange took place in the presence of the jury:

> "MR. NEAVES: Your Honor, my client said that he would like to make a motion.
>
> "COURT: Well, you represent him, what is that?
>
> "MR. NEAVES: It is new to me, Your Honor, I don't know what it is. (AFTER CONSULTATION) Your Honor, he wants to make a motion to have a new lawyer appointed.
>
> "COURT: Motion is denied.
>
> "MR. NEAVES: Exception."

No reason was given for defendant's request for a new attorney. While the trial court might have investigated the situation more thoroughly by conducting a *voir dire* hearing, we can find, and defendant shows us, no prejudicial error in the trial court's ruling on defendant's motion. *See also State v. Sweezy*, 291 N.C. 366, 230 S.E. 2d 524 (1976).

## II.

A second argument brought forward by defendant is that the trial court erred in denying defendant's motion, made at the close of the State's evidence, for judgment as of nonsuit on all charges. In his brief, defendant limits his argument to the charge of forging and uttering Exhibit 1. After reviewing the evidence presented by the State in the light most favorable to the State, as must be done on a motion for nonsuit, *State v. Bowden*, 290 N.C. 702, 228 S.E. 2d 414 (1976), we conclude that defendant's argument must be rejected. While the charge of forging and uttering

Exhibit 1 was supported by the least direct evidence, there was sufficient circumstantial evidence to warrant submitting that issue to the jury.

[2]  We must, however, reject the State's argument that where a motion to nonsuit is not limited to a particular count but is addressed to all counts, the motion cannot be allowed where there is sufficient evidence to support any count. The State cites *State v. Hoover*, 252 N.C. 133, 113 S.E. 2d 281 (1960), in support of its argument. G.S. 15A-1227 which covers motions to dismiss for insufficiency of evidence must be read to allow this Court to consider the sufficiency of all the evidence without regard to whether a motion to dismiss has been made at trial. G.S. 15A-1227(d). We believe that a motion to dismiss, if improperly phrased, will not destroy reviewability on appeal.

### III.

[3]  A third argument made by defendant is that the trial judge erred in his instructions to the jury when he stated the following:

> "Now members of the jury, the defendant is charged in each of these bills of indictment on the two forgeries and uttering cases he is charged also with uttering. Now uttering is fraudulently offering to another some instrument, it could be a check which has been falsely made but appears to be genuine. It is passing or getting cash or attempting to get cashed a falsely made instrument that is called uttering. So the Court charges you for you to find the defendant guilty of uttering a forged instrument or a forged check in this instance the State must prove five things beyond a reasonable doubt. First, that the check was falsely made and second, that it appeared to be genuine and third, that the defendant passed or attempted to pass the check in one instance to the bank [and in the other instance to some store I believe,]
>
> APPELLANT'S EXCEPTION NO. 9
>
> and fourth, that the defendant knew that the instrument was falsely made and fifth, that the defendant intended to defraud."

Defendant contends that the trial judge's "and in the other instance to some store I believe" amounted to the expression of an opinion in violation of G.S. 1-180. We do not agree. In *State v.*

*Holden*, 280 N.C. 426, 185 S.E. 2d 889 (1972), the Supreme Court gave us a yardstick by which to measure whether a trial judge's statement amounts to error:

> "Not every ill-advised expression by the trial judge is of such harmful effect as to require a reversal. The objectionable language must be viewed in light of all the facts and circumstances, 'and unless it is apparent that such infraction of the rules might reasonably have had a prejudicial effect on the result of the trial, the error will be considered harmless.' *State v. Perry*, 231 N.C. 467, 57 S.E. 2d 774 (1950); *State v. Hoover*, 252 N.C. 133, 113 S.E. 2d 281 (1960)." *Id.* at 430, 185 S.E. 2d at 892.

In view of the total charge to the jury we do not believe that this minor infraction amounted to error prejudicial to defendant.

## IV.

[4] The final argument we consider on this appeal is that the trial court erred in failing to arrest judgment as to the larceny charge to which the jury never returned a verdict. We agree with defendant's contention. Our courts have held that a verdict which refers to only one charge amounts to an acquittal on any other charges being tried at the same time. *See, e.g. State v. Teachey*, 26 N.C. App. 338, 215 S.E. 2d 805 (1975). *See also* 4 Strong's N.C. Index 3d, Criminal Law § 124.4 and cases cited therein. Since the trial judge obviously thought that guilty verdicts had been returned as to both the breaking and entering charge and the larceny charge and since he sentenced defendant on both charges, this case must be remanded for re-sentencing. *State v. Hardison*, 257 N.C. 661, 127 S.E. 2d 244 (1962).

Remanded for entry of judgment of acquittal in the larceny charge and re-sentencing for the crime of breaking and entering.

Remanded.

Chief Judge BROCK and Judge MITCHELL concur.