**STATE v. SHOFF**

[128 N.C. App. 432 (1998)]

Affirmed.

Judges JOHN and SMITH concur.

━━━━━━━━━

STATE OF NORTH CAROLINA v. CURTIS BALDWIN SHOFF

No. COA97-134

(Filed 20 January 1998)

## Criminal Law § 560 (NCI4th Rev.)— driving while impaired— mistrial—adverse weather conditions

The trial court did not abuse its discretion in declaring a mistrial in a DWI prosecution based upon findings that there were three to six inches of snow in the county, that several jurors were unable to return to the courthouse for the second day of the trial due to the adverse weather conditions, and that defendant's attorney informed the court that it would be difficult for him to get to court. Therefore, the subsequent trial of defendant before another jury did not constitute double jeopardy.

Appeal by defendant from order entered 23 February 1994 by Judge C. Walter Allen in Buncombe County Superior Court. Heard in the Court of Appeals 9 October 1997.

*Attorney General Michael F. Easley, by Isaac T. Avery, III, Special Deputy Attorney General, for the State.*

*Wade Hall, for defendant-appellant.*

McGEE, Judge.

Defendant was charged with driving while impaired (DWI) in violation of N.C. Gen. Stat. § 20-138.1 (1993) on 6 February 1993. Defendant pled not guilty but was convicted of DWI in the District Court of Buncombe County on 17 November 1993. Defendant appealed to Buncombe County Superior Court and his trial began on 3 January 1994. A jury was empaneled and two witnesses testified for the State. At the end of the day, the trial court recessed until 4 January 1994. However, during the evening of January 3, it snowed three to six inches resulting in several jurors being unable to return on January 4 for defendant's trial. In addition, defendant's attorney

called the court and stated it would be difficult for him to return to court. As a result, a mistrial was declared and the case was rescheduled for 6 January 1994.

At the January 6 trial, defendant objected to the new jury and moved to dismiss the DWI charge based upon double jeopardy arguments. Defendant's motion was denied and the case was continued until 23 February 1994 when the defendant was again convicted of driving while impaired. At the sentencing hearing, defendant again moved to dismiss based on double jeopardy arguments and filed a motion for appropriate relief. Both motions were denied.

The defendant's main assignment of error is that the trial court erred in declaring a mistrial thereby subjecting the defendant to double jeopardy. We disagree.

This Court has long recognized that a defendant has the "valued right" to have his trial concluded before a particular court and that this right is guaranteed by the double jeopardy prohibition of the United States Constitution. *State v. Jones*, 67 N.C. App. 377, 380, 313 S.E.2d 808, 811 (1984). As stated in the United States Supreme Court decision, *Arizona v. Washington*, 434 U.S. 497, 503-05, 54 L. Ed. 2d 717, 727-28 (1978):

> The reasons why this "valued right" merits constitutional protection are worthy of repetition. Even if the first trial is not completed, a second prosecution may be grossly unfair. It increases the financial and emotional burden on the accused, prolongs the period in which he is stigmatized by an unresolved accusation of wrongdoing, and may even enhance the risk that an innocent defendant may be convicted. The danger of such unfairness to the defendant exists whenever a trial is aborted before it is completed. Consequently, as a general rule, the prosecutor is entitled to one, and only one, opportunity to require an accused to stand trial.

(Footnotes omitted). Furthermore, "[i]t has long been a fundamental principle of the common law of North Carolina that no person can be twice put in jeopardy of life or limb for the same offense." *State v. Lachat*, 317 N.C. 73, 82, 343 S.E.2d 872, 876 (1986).

While the principle of double jeopardy remains an underlying consideration in any criminal proceeding, "[t]he decision to order a mistrial lies within the discretion of the trial judge." *State v. Odom*,

316 N.C. 306, 309, 341 S.E.2d 332, 334 (1986). Our Supreme Court has held that "the [double jeopardy] principle is not violated where a defendant's first trial ends with a mistrial which is declared for a manifest necessity or to serve the ends of public justice." *Lachat* at 82, 343 S.E.2d at 877. The exercise of this discretion is governed by N.C. Gen. Stat. § 15A-1063 and 1064 (1988). In essence, "upon his own motion, a judge may declare a mistrial if . . . [i]t is impossible for the trial to proceed in conformity with law." N.C.G.S. § 15A-1063. "Before granting a mistrial, [however] the judge must make finding of facts with respect to the grounds for the mistrial and insert the findings in the record of the case." N.C.G.S. § 15A-1064.

The purpose of requiring findings of fact is "clearly to ensure that mistrial is declared only where there exists real necessity for such an order." *Jones* at 382, 313 S.E.2d at 812. This concept has been interpreted to mean that "where a defendant insists on his right to have his trial completed before one jury, that right may only be denied after the demonstrated exercise of careful judicial inquiry and deliberation." *Id.* at 384, 313 S.E.2d at 813.

In the case before us, the trial court satisfactorily complied with this mandate. Included in the record were the trial court's findings of fact that there were three to six inches of snow in the county, that several of the jurors were unable to get to the courthouse due to the adverse weather conditions, and that defendant's attorney informed the court it would be difficult for him to get to court.

Since the decision to declare a mistrial is within the trial court's discretion, the decision will not be disturbed unless it is "manifestly unsupported by reason," *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985), or it is "so arbitrary that it could not have been the result of a reasoned decision." *State v. Wilson*, 313 N.C. 516, 538, 330 S.E.2d 450, 465 (1985); *State v. Parker*, 315 N.C. 249, 258-59, 337 S.E.2d 497, 502-03 (1985). Due to the adverse weather conditions and the effect that these conditions had on both the jurors' and the attorney's ability to physically get to court for the second day of trial, we do not find the trial court's decision to declare a mistrial was an abuse of his discretionary power.

Defendant's remaining arguments deal with whether or not the trial judge erred in denying defendant's motions to dismiss at the start and conclusion of the second trial. The motions made were based on the double jeopardy argument discussed above. Having found no error in the trial court's decision to declare a mistrial, we

further find no error in the trial court's denial of defendant's motions to dismiss.

The trial court did not err in declaring a mistrial or in denying defendant's motions to dismiss.

Affirmed.

Judges LEWIS and MARTIN, John C., concur.