STATE OF NORTH CAROLINA
v.
TERRIS LEE EDMONDSON
No. COA05-673
North Carolina Court of Appeals
Filed February 7, 2006
This case not for publication
Lenoir County No. 03 CRS 50299.
Attorney General Roy Cooper, by Associate Attorney General Nancy Reed Dunn, for the State.
Appellate Defender Staples Hughes for defendant appellant.
McCULLOUGH, Judge.
On appeal from his conviction in district court, a superior court jury found defendant guilty of injury to personal property. The State's evidence tended to show that he broke two windshields, a left side mirror and a left side window out of vehicles belonging to James C. Burney on 5 November 2002. The trial court sentenced defendant to ninety days of imprisonment, and he gave notice of appeal in open court.
Defendant first claims the trial court abused its discretion and subjected him to double jeopardy by declaring a mistrial after a jury was empanelled on 26 February 2004. While he acknowledges that the court based its decision on reports of hazardous driving conditions caused by inclement weather, defendant insists there was no showing that the circumstances made it "impossible for the trial to proceed in conformity with law[,]" as required under N.C. Gen. Stat. § 15A-1063(1) (2005).
The constitutional proscription against double jeopardy "`is not violated where a defendant's first trial ends with a mistrial which is declared for a manifest necessity or to serve the ends of public justice.'" State v. Shoff, 128 N.C. App. 432, 434, 496 S.E.2d 590, 592 (quoting State v. Lachat, 317 N.C. 73, 82, 343 S.E.2d 872, 877 (1986)), appeal dismissed, cert. denied, 348 N.C. 289, 501 S.E.2d 923 (1998). Under North Carolina law, the trial court may declare a mistrial, sua sponte, "if: (1) it is impossible for the trial to proceed in conformity with law; or (2) it appears there is no reasonable probability of the jury's agreement upon a verdict." N.C. Gen. Stat. § 15A-1063. The court must "make findings of facts with respect to the grounds for the mistrial and insert the findings in the record of the case." N.C. Gen. Stat. § 15A-1064 (2005). Otherwise, the decision to declare a mistrial is within the trial court's discretion and "will not be disturbed unless it is `manifestly unsupported by reason,' or it is `so arbitrary that it could not have been the result of a reasoned decision.'" Shoff, 128 N.C. App. at 434, 496 S.E.2d at 592 (quoting White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) and State v. Wilson, 313 N.C. 516, 538, 330 S.E.2d 450, 465 (1985)).
Defendant has not provided this Court with a transcript of the proceedings held 26 February 2004. However, the record on appeal contains the order entered by the trial judge on 26 February 2004, which includes the following findings:
The jury was chosen and empanelled. The court was advised after the fact that the N.C. State Highway Patrol advised that the roads were dangerous and the Lenoir County Schools were closing early. The court hereby withdraws Juror #12 and declares a mis-trial.
The defendant notes objection.
While the findings regarding the hazardous driving conditions in the county are not as detailed as those entered in Shoff, 128 N.C. App. at 434, 496 S.E.2d at 592, we conclude they are sufficient to demonstrate a rational, non-arbitrary basis for the judge's decision. Nothing in N.C. Gen. Stat. § 15A-1063(1) or the principle of double jeopardy requires the trial court to endanger the lives of the trial's participants in order to avoid a mistrial. See id. ("Due to the adverse weather conditions and the effect that these conditions had on both the jurors' and the attorney's ability to physically get to court for the second day of trial, we do not find the trial court's decision to declare a mistrial was an abuse of his discretionary power."). As for defendant's unsupported assertion that the Lenoir County public schools were open on 27 February 2004, we note that a trial court's inability to forecast future weather conditions does not constitute an abuse of its discretion.
Because we find no abuse of discretion by the court in declaring a mistrial on 26 February 2004, we further find that the court did not err in denying defendant's motion to dismiss on grounds of double jeopardy. Id. at 434-35, 496 S.E.2d at 592.
Defendant next claims the trial court relieved the State of its burden of proof and violated his due process rights by improperly instructing the jury that, in order for a grand jury to return an indictment, "[t]he only thing they have to determine is if a crime was committed and if the accused person probably did it." Defendant faults the court for improperly communicating to the jury that another fact-finding body had already determined that (1) a crime had been committed and (2) defendant probably committed it. However, defendant raised no objection to the instruction at trial, did not present his constitutional claim to the trial court, and has not assigned plain error on appeal. See N.C.R. App. P. 10(b)(1)-(2), (c)(2), (4).
"`The trial judge occupies an exalted station . . . [and] must abstain from conduct or language which tends to discredit or prejudice the accused or his cause with the jury.'" State v. Allen, 353 N.C. 504, 510, 546 S.E.2d 372, 375 (2001) (quoting State v. Belk, 268 N.C. 320, 324, 150 S.E.2d 481, 484 (1966)); see also N.C. Gen. Stat. §§ 15A-1222 and -1232 (2005) (prohibiting the judge from expressing an opinion about a fact at issue). Our Supreme Court has made clear, however, that not "every ill-advised comment by the trial judge" constitutes grounds for reversal:
The comment made or the question propounded should be considered in the light of all the facts and attendant circumstances disclosed by the record, and unless it is apparent that such infraction of the rules might reasonably have had a prejudicial effect on the result of the trial, the error will be considered harmless.
State v. Perry, 231 N.C. 467, 471, 57 S.E.2d 774, 777 (1950). Prejudice will arise when the jury learns that the defendant was found guilty of the charge in a prior judicial proceeding. See State v. Britt, 288 N.C. 699, 713, 220 S.E.2d 283, 292 (1975) (holding that a curative instruction could not undo prejudice arising from the jury's awareness that the defendant was previously convicted and sentenced to death for the murder at issue). Likewise, our courts have held that a pending indictment is merely an unproved, hearsay accusation of wrongdoing and thus may not be admitted to impeach a defendant's testimony. State v. Williams, 279 N.C. 663, 672-73, 185 S.E.2d 174, 180 (1971).
The transcript of defendant's trial reflects that, after the jury was selected but before it was empanelled, a juror asked the trial court to explain how criminal prosecutions were typically initiated:
JUROR 3: I've got a question. Normally when the State represents someone what causes that to happen? I mean, you know, normally.
THE COURT: Either a warrant being issued or a bill of indictment being handed down by a grand jury. The State has the duty to prosecute the violations for crimes.
JUROR 3: So people just, I mean, due to a complaint go to  who do they go to?
THE COURT: They go to a judicial officer to see if they can get one.
JUROR 3: Okay.
THE COURT: I mean, it's not  you can't just walk in and say, D.A., how about prosecuting somebody.
JUROR 3: Right.
The trial court later alluded to this exchange with Juror 3 in its initial instructions to the jury, as follows:
Now to follow-up on the question Juror Number 3 asked me. In my opening remarks to the entire jury panel, I told you that the mere fact somebody was indicted was no evidence of guilt and it isn't.
An indictment is returned by a grand jury and their standard of proof is very, very small. The only thing they have to determine is if a crime was committed and if the accused person probably did it. That gets them into court for you folks to determine if they did do it. So the mere fact that someone has been indicted or charged is absolutely no evidence that they're guilty of anything.
The evidence of guilt would come from the witness stand and it would have to convince you beyond a reasonable doubt before you can render a verdict of guilty. All right.
Defendant now avers that the challenged portion of the charge relieved the jury of determining whether a crime had been committed and "directly informed them that authorities had previously determined that the defendant was probably guilty."
Initially, we note that the court advised the jury that a prosecution can originate either by the issuance of a warrant or by a grand jury indictment. Here, defendant was not indicted by a grand jury; and the jury was never told by the court or the parties that defendant had been indicted. To the contrary, the evidence showed that defendant's prosecution began when Burney obtained a warrant from the magistrate. Defense counsel emphasized the origin of the charge against defendant during his cross-examination of Burney, revealing that Burney sought the warrant only after his earlier warrant charging defendant with communicating threats was dismissed. The evidence before the jury rendered the court's general discussion of the indictment process in apposite to defendant's case.
Viewed in context, the challenged statement was neither erroneous as a statement of law nor prejudicial to defendant. The trial court accurately characterized an indictment as reflecting the grand jury's finding, under a "very small" standard of proof, that the indicted person "probably committed" a crime. See State v. Broughton, 29 N.C. 96, 98 (1846) (describing persons under indictment as "thus found [by the grand jury] to be probably guilty"); see also N.C. Gen. Stat. § 15A-628(a)(1) (2005) (requiring return of a true bill upon finding of "probable cause for the charge made"); State v. Hart, 64 N.C. App. 699, 702, 308 S.E.2d 474, 475 (1983) (defining probable cause as "evidence that warrants a reasonably prudent person's belief that a crime was committed and that defendant was the perpetrator"). Moreover, any error was rendered completely harmless by the court's repeated and unequivocal instructions that an indictment was no evidence of guilt, that defendant was entitled to the presumption of innocence, and that the State bore the burden proving his guilt by evidence adduced at trial beyond a reasonable doubt. Cf. State v. Steen, 352 N.C. 227, 283-84, 536 S.E.2d 1, 34 (2000) ("[W]e note that the trial court did instruct the jury that `the fact that he's been charged or indicted is no evidence of guilt, whatsoever.' This instruction . . . was sufficient to eliminate any confusion or false impression the jury may have had in this regard."), cert. denied, 531 U.S. 1167, 148 L. Ed. 2d 997 (2001). The court reiterated these principles to the jury immediately before they retired for deliberations, as follows: "The fact that [defendant] has been charged is no evidence of guilt. Under our system whenever a defendant pleads not guilty he is not required to prove his innocence. The State is required to prove his guilt and prove it beyond a reasonable doubt." Accordingly, we overrule this assignment of error.
The record on appeal includes additional assignments of error not addressed by defendant in his brief to this Court. Pursuant to N.C.R. App. P. 28(b)(6), we deem them abandoned.
No error.
Judges TYSON and ELMORE concur.
Report per Rule 30(e).